United States District Court
Southern District of Texas

**ENTERED**

August 18, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONTARIOUS  STALLINGS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-595 |
| | § | |
| WAL-MART STORES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion to Remand (Doc. 3) and Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart's") Response thereto (Doc. 6).  Having considered these filings, the facts in the record, and the applicable law, the Court concludes Plaintiff's Motion (Doc. 3) should be denied.

**Background**

On or about June 4, 2014, Montarious Stallings and Michelle Stallings (collectively, "Plaintiffs") were shopping at Wal-Mart Store #3500, located in Houston, Texas.  Doc. 1-2 at 4. While at the checkout aisle, Plaintiffs assert that Montarious Stallings slipped in a greasy substance on the floor and sustained serious bodily injuries.  *Id.*  On February 2, 2016, Plaintiffs filed suit in Harris County, Texas against Wal-Mart Stores, Inc. ("Wal-Mart"), Wal-Mart Store Manager Shalin Sloan ("Sloan"), and three Wal-Mart employees sued under fictitious names. Doc. 3 at 2.  On March 4, 2016, Defendant Wal-Mart filed an answer in the Harris County District Court case and asserts that Wal-Mart was not a properly named party, and should have been named Wal-Mart Stores of Texas, LLC.  Doc. 1-4 at 3.  On March 7, 2016, Wal-Mart removed this action to this Court under 28 U.S.C. § 1446.  Doc. 1-6; Doc. 3 at 3.  Although

Plaintiffs and Sloan are Texas citizens, Wal-Mart alleges diversity jurisdiction and claims that Sloan was improperly joined to defeat federal jurisdiction.  Doc. 1 at 2–3.

**Standard of Review**

Any state court action over which federal courts would have original jurisdiction may be removed from state to federal court.  28 U.S.C. § 1441(a).  Under § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."  Where original federal jurisdiction would be based on diversity of citizenship, a defendant may remove such an action only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  An improperly joined party, however, is disregarded in determining the court's subject matter jurisdiction.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  Improper joinder may be established by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant, in this case Defendant Sloan, in state court.  *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  Whether this showing can be made depends on the plaintiff's pleading at the time of the petition for removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of proving that removal was proper, and all ambiguities are construed against removal and in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The second prong, inability to establish a cause of action against the non-diverse defendant in state court, is at issue here.  "The court should not focus on the probability that the plaintiff will prevail on the merits against the non-diverse defendant.  Rather, the court seeks only a reasonable possibility of recovery against the non-diverse defendant."  *Centaurus GF*

*Cove, LLC v. Lexington Ins. Co.*, No. CIV. A. H-10-836, 2010 WL 2710390, at \*2 (S.D. Tex. July 7, 2010) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).   In determining reasonable possibility, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether the petition states a claim under state law against the in-state defendant.   Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.   The court also may "pierce the pleadings and conduct a summary inquiry," in its discretion, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*.

**Discussion**

In the present case, there are four Defendants in addition to Wal-Mart.   Three of these Defendants are sued under fictitious names and the Court will disregard their citizenship.   28 U.S.C. § 1441(b)(1).   Therefore, the Court is only concerned with the citizenship of the Plaintiffs, Wal-Mart, and Sloan.   There is no dispute that Defendant Sloan is a Texas citizen or that the parties do not have complete diversity with Sloan as a defendant.   Instead, the issue is whether Sloan was improperly joined to avoid federal jurisdiction.

Here, Plaintiffs assert negligence and premises liability claims against the non-diverse Defendant, Sloan.   Doc. 6-1 at 5–6.   "Plaintiffs concede that Texas law is clear that a corporate manager or agent can only be personally liable if he or she owes the plaintiff an independent duty of care apart from the duty owed by the employer."   Doc. 3 at 4 (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.")).   The issue of improper joinder, therefore, rests on whether Sloan had a duty of

reasonable care independent from that of Wal-Mart.  The court finds that no such duty existed.

The law is clear in Texas premises liability cases that store managers and employees do not owe an independent duty of care to patrons who were injured on store property. *See, e.g., Kopczynski v. Wal–Mart Stores Texas, L.P.*, No. H–10–4507, 2011 WL 902237 (S.D. Tex. March 14, 2011); *Gaston v. Wal–Mart Stores Texas, LLC*, No. H–09–4094, 2010 WL 1426876 (S.D. Tex. April 8, 2010); *Gonzalez v. Wal–Mart Stores*, Civ. A. No. 10–CV–120, 2010 WL 1417748 (W.D. Tex. March 31, 2010).

In *Kopczynski*, the store greeter was alleged to have had direct personal involvement in the conduct that caused the injuries to the plaintiff, and the store manager was allegedly responsible for and in control of the store where the slip and fall occurred.  *Kopczynski*, 2011 WL 902237 at *5–6.  The entryway of the store was wet at the time of the incident.  *Id.*  The store greeter exacerbated this problem by positioning fans in a way that the warning signs were blown out of the customer's view and using a wet mop on the floor. *Id*. In addition, the store greeter witnessed multiple slip and falls before the plaintiff's. *Id*. Plaintiff alleged that the store greeter had a duty of "maintaining the area where the accident occurred," but did not mention a specific duty for the store manager. *Id*. at *6. However the Court found that both employees were acting within the scope of their employment duties, and dismissed the negligence claims against them *Id.*

Here, Plaintiffs assert that Sloan "did play a personal role in creating the dangerous condition that caused Plaintiff's fall, injuries and damages by his personal involvement in allowing the dangerous condition to exist, thereby creating a separate legal duty."[1]  Doc. 3 at 5. The Plaintiffs do not allege that Sloan created the situation; rather that Sloan failed to inspect,

---

[1] The background facts within Plaintiff's Original Petition do not mention or allude to Sloan, but Sloan is named in this lawsuit.  Doc. 1-2 at 4.

make safe, or adequately warn Plaintiffs of the condition.  Doc. 6-1 at 5–6.  This argument was defeated in *Kopczynski*.  2011 WL 902237 at \*5–6.  Similar to the store manager in *Kopczynski*, Sloan did nothing more than oversee the store at the time of the incident.  This is within Sloan's duties as a Wal-Mart store manager, and does not create an independent duty.  *See id.*  "[T]here is no reasonable possibility that a plaintiff who slipped and fell at a Wal-Mart store can prevail on a premises liability claim against the store manager or department manager in addition to a similar claim against Wal-Mart."  *Kopczynski*, 2011 WL 902237 at \*6 (citing *Solis v. Wal–Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008)); *see also Bourne v. Wal–Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008).

Plaintiffs also allege Sloan failed to warn the Plaintiffs that a dangerous condition existed.  Doc 1-2 at 5.  However, as discussed above, the store manager had no individual duty to warn.  *See Kopczynski*, 2011 WL 902237 at \*6; *see also Morrow v. Wyeth*, No. CIV.A. B-05-209, 2005 WL 2621555, at \*4 (S.D. Tex. Oct. 13, 2005) (finding that pharmaceutical sales representatives did not have an independent duty to warn plaintiffs of the dangers and side effects associated with taking the allegedly defective drug); *Union Pac. R.R. Co. v. Cezar*, 293 S.W.3d 800, 818 (Tex. App.—Beaumont 2009, no pet.) (finding that a railroad inspector had no duty to provide warnings to members of the traveling public at a railroad crossing).

There is complete diversity between the remaining parties and the parties agree that the amount in controversy exceeds $75,000.  Therefore, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

The Court hereby

ORDERS that Defendant Sloan is DISMISSED with prejudice for improper joinder and Plaintiffs' Motion to Remand (Doc. 3) is DENIED.

SIGNED at Houston, Texas, this 18th day of August, 2016.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE